# SUMMONS
## (CITACION JUDICIAL)

SUM-100

FILED

**NOTICE TO DEFENDANT:** CHRISTOPHER HAYS, an individual;
*(AVISO AL DEMANDADO):* WILLIAM LANDSDOWNE, and
individual; SAN DIEGO POLICE DEPARTMENT; CITY OF SAN
DIEGO; and DOES 1 to 100, inclusive.

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CIVIL BUSINESS OFFICE 10
CENTRAL DIVISION

2014 DEC 10 P 3:3

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

RECEIVED
CITY CLERK'S OFFICE
'15 APR 22 PM 2:2

**YOU ARE BEING SUED BY PLAINTIFF:** TRENT VEASEY
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

COPY TO: CITY ATTORNEY ✓
RISK MANAGEMENT
DATE 4-22-15
DCC NAME TRAVIS

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER:
*(Número del Caso):*
**37-2014-00041745-CU-CR-CTL**

San Diego Superior Court
Hall of Justice
330 West Broadway
San Diego, Ca 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Gregory A. Schnitzer, Esq. SBN:202339          (619) 231-3100
Law Offices of Arena & Schnitzer, APLC
110 WEst C Street, Ste 1709
San Diego, CA 92101

DATE: 12/15/14          Clerk, by A. Santiago          , Deputy
*(Fecha)*          *(Secretario)*          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):
3. [X] on behalf of (specify): City of San Diego

under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
       [X] other (specify): CCP 414.50

4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
® Plus

Code of Civil Procedure §§ 412.20, 465

FILED
CIVIL BUSINESS OFFICE-10
CENTRAL DIVISION

2014 DEC 10  P 3: 38

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

1  GREGORY A. SCHNITZER, ESQ. (Bar No. 202339)
   ALBERT W. ARENA, ESQ. (Bar No. 113723)
2  LAW OFFICES OF ARENA & SCHNITZER, APLC
   110 West "C" Street, Suite 1013
3  San Diego, California 92101
   Tel: (619) 231-3100
4  Fax: (619) 231-2890

5  Attorneys for Plaintiff, TRENT VEASEY

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9        SAN DIEGO COUNTY JUDICIAL DISTRICT, CENTRAL DIVISION

10  TRENT VEASEY, an individual,          )  CASE NO.
                                          )    37-2014-00041745-CU-CR-CTL
11                                        )  VERIFIED COMPLAINT FOR
                    Plaintiffs,           )  DAMAGES:
12                                        )  [42 U.S.C. § 1983]
                                          )  (1) NEGLIGENCE; (2)
13                                        )  BATTERY; (3) SEXUAL BATTERY
              v.                          )  (4) I.I.E.D.; (5) VIOLATION OF 42
14                                        )  U.S.C. 1983 (DEPRIVATION OF
                                          )  CIVIL RIGHTS); (6) FAILURE TO
15                                        )  SCREEN AND HIRE; (7) FAILURE
                                          )  TO SUPERVISE AND DISCIPLINE;
16  CHRISTOPHER HAYS, an individual;      )  AND (8) UNLAWFUL DETENTION
    WILLIAM LANDSDOWNE, an individual;    )
17  SAN DIEGO POLICE DEPARTMENT; and CITY )  AMOUNT DEMANDED EXCEEDS
    OF SAN DIEGO; and Does 1 to 100, inclusive. )  $25,000
18                                        )
                                          )  JURY TRIAL IS HEREBY
19  _____   )  DEMANDED

20

21      COMES NOW, TRENT VEASEY, by and through his attorney of record, and alleges and

22  complains as follows:

23                                  I.

24                     GENERAL ALLEGATIONS

25                                  A.

26                     VENUE AND JURISDICTION

27  1.  This court has jurisdiction over this action and venue is proper in this Court because:

28      1.1. At least one defendant resides within this Court's jurisdictional area.

                                  -1-

1     1.2. The injuries suffered by Plaintiff and alleged herein were incurred within this Court's

2 jurisdiction.

3     2.   This is an action to redress the deprivation under color of statute, ordinance, regulation,

4 custom or usage of rights,  privileges, and immunities secured to the Plaintiff by the First, Fourth,

5 Fifth, and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. § 1983).

6     3.   Plaintiff has complied with Government Code §§800 *et seq.*

7     4.   At all times relevant to this complaint, Plaintiff was an individual residing in San Diego

8 County, California.

9 **B.**

10 **PARTIES**

11     5.  Plaintiff, TRENT VEASEY, (hereinafter referred to as "Plaintiff"), is an individual and at

12 all times mentioned herein was, a resident of San Diego County, California.

13     6.  Defendant CHRISTOPHER HAYS (hereinafter "HAYS") was a Police Officer employed by

14 the SAN DIEGO POLICE DEPARTMENT,(hereinafter the "DEPARTMENT") Defendant Chief

15 WILLIAM LANDSDOWNE, (hereinafter "LANDSDOWNE "), was Officer CHRISTOPHER

16 HAYS's superior officer, and a policy-maker.

17     7.  At all times relevant to this complaint, Defendants CHRISTOPHER HAYS and WILLIAM

18 LANDSDOWNE were acting within the scope of their employment for and by defendant CITY OF

19 SAN DIEGO and the SAN DIEGO POLICE DEPARTMENT.

20     8.  Defendants, CITY OF SAN DIEGO, SAN DIEGO POLICE DEPARTMENT, and DOES 1-

21 25, are and were at all times herein mentioned political subdivisions/public entities of the State of

22 California, created and existing under the laws of the State of California.

23     9. Defendants, CHRISTOPHER HAYS, WILLIAM LANDSDOWNE, and DOES 26-40, are

24 and were at all times herein mentioned individuals employed as police officers by Defendants, CITY

25 OF SAN DIEGO, the SAN DIEGO POLICE DEPARTMENT, and DOES 2-25. Plaintiff is informed

26 and believes, and thereon alleges, that at all relevant times herein mentioned, Defendants,

27 CHRISTOPHER HAYS, WILLIAM LANDSDOWNE and DOES 26-40, were acting in the course

28 and scope of their employment/agency.

10.  Plaintiff is truly ignorant of the true names and capacities of DOES 1 through 100, inclusive, and/or is truly ignorant of the facts giving rise to their liability and will amend this complaint once their identities have been ascertained as well as the facts giving rise to their liability.

11.  These defendants were agents, servants, and employees of each other of the other named defendants and were acting at all times within the full course and scope of their agency and employment, with the full knowledge and consent, either expressed or implied, of their principal and/or employer and each of the other named defendants and each of the defendants had approved or ratified the actions of the other defendants thereby making the currently named defendants herein liable for the acts and/or omissions of their agents, servants and/or employees.

## II.

## GENERAL FACTS

12.  Plaintiff realleges all prior paragraphs of this complaint and incorporate the same herein by this reference as if those paragraphs were set forth in full herein.

13.  On or about December 19, 2013, after sun down, approximately between the hours of 7:00 p.m. and 10:00 p.m., Plaintiff was walking southbound along El Cajon Blvd. at or near the near the 5000 block of El Cajon Blvd. in the City and County of San Diego, within the State of California.

14.  Plaintiff was walking on a city sidewalk lawfully when he was approached by a motor vehicle, specifically a Ford Utility Interceptor or SUV of another maker, with standard black and white San Diego Police markings, along with  San Diego Police emblazoned in a conspicuous manner so as to identify the vehicle to any and all onlookers that it was a San Diego Police vehicle.

15.  The officer operating the San Diego Police vehicle, is believed to be Christopher Hays. Defendant HAYS made contact with plaintiff from within the San Diego Police vehicle and directed or ordered Plaintiff to walk several steps down an adjacent ally at or near 5027 El Cajon Blvd. Between  the Goodbody Mortuary and Herrera's Consulting Services.

16.  After walking several car lengths down the alley, with Officer HAYS slowly driving the San Diego Police vehicle immediately behind plaintiff with head lights on, HAYS stopped plaintiff's advancement down the alley by maneuvering the San Diego Police vehicle in front of plaintiff's path.

17. Defendant HAYS, then exited the San Diego Police vehicle and approached plaintiff on foot and offered plaintiff a choice. Officer HAYS told plaintiff that he was going to be arrested and charged with a crime or be allowed to leave without being arrested if he performed oral copulation on Officer Hays.

18. Plaintiff out of fear, duress, and coercion performed the sex act on Officer HAYS until the officer ejaculated and was then allowed to leave the area.

19. On June 12, 2014, plaintiff presented to defendant CITY OF SAN DIEGO pursuant to Government Code section 905 a claim for the injuries and damages sustained by plaintiff as a result of the incident described in this complaint. A copy of the claim is attached as Exhibit '1' and incorporated by reference.

20. On July 7, 2014, defendant CITY OF SAN DIEGO rejected plaintiff's claim in whole. A copy of the notice of rejection is attached as Exhibit '2' and incorporated by reference.

### III.

### FIRST CAUSE OF ACTION

### (Negligence against All Defendants)

21. Plaintiff realleges all prior paragraphs of this complaint and incorporate the same herein by this reference as if those paragraphs were set forth in full herein.

22. Defendants, CITY OF SAN DIEGO, SAN DIEGO POLICE DEPARTMENT, and DOES 1-25, are and were at all times herein mentioned political subdivisions/public entities of the State of California, created and existing under the laws of the State of California.

23. Defendants, CHRISTOPHER HAYS, WILLIAM LANDSDOWNE, and DOES 26-40, are and were at all times herein mentioned individuals employed as police officers by Defendants, CITY OF SAN DIEGO, SAN DIEGO POLICE DEPARTMENT, and DOES 1-25. Plaintiff is informed and believes, and thereon alleges, that at all relevant times herein mentioned, Defendants, CHRISTOPHER HAYS, WILLIAM LANDSDOWNE and DOES 26-40, were acting in the course and scope of their employment/agency.

24. At all times herein mentioned, Defendant, CHRISTOPHER HAYS, exploited Plaintiff's

/////

1  vulnerability as a citizen walking alone in the early evening hours, on a public sidewalk, after

2  business hours for the surrounding commercial entities, and abused his position of authority under

3  color of law to coerce Plaintiff into performing a sexually gratifying act for the benefit of the

4  Defendant, against the will and consent of the Plaintiff. This course of conduct began in or about

5  December 17, 2013 for several minutes in a darkened alley. This Defendant accomplished these

6  sexual acts by, among other means, threatening Plaintiff with arrest, detention, and incarceration if

7  Plaintiff failed to comply. However, the truth of the matter was that by his misconduct Defendant, as

8  alleged herein, committed felonies and other violations of California law, including but not limited

9  to, *Penal Code* Sections 288a (2)(a) and reported to the San Diego Police accordingly.

10       25. At all relevant times, Defendants, WILLIAM LANDSDOWNE and DOES 26-40, were

11  police officers employed by Defendants, CITY OF SAN DIEGO, SAN DIEGO POLICE

12  DEPARTMENT, and were therefor looked upon as holding a superior position of trust and authority

13  by Plaintiff, a police officer. In the context of this special relationship, Plaintiff on information and

14  belief contends that Defendants knew of or should have known of Defendant HAYS' criminal

15  activity and propensity to do harm to the citizenry of the City and County of San Diego and

16  negligently, carelessly, wantonly, recklessly and unlawfully failed to report this information to the

17  appropriate authorities and failed to protect Plaintiff from any such further acts, thereby resulting in

18  the injuries and damages described below.

19       26. Plaintiff is informed and believes that at all relevant times,  Defendants, CITY OF SAN

20  DIEGO, the SAN DIEGO POLICE DEPARTMENT, and DOES 2-25, were negligent, careless,

21  reckless and unlawful in the manner in which they selected, hired, trained and supervised Defendant,

22  CHRISTOPHER HAYS, and DOES 26-40, so as to proximately cause Plaintiff's injuries and

23  damages set forth below. Plaintiff is informed and believes that Defendants, CITY OF SAN DIEGO,

24  the SAN DIEGO POLICE DEPARTMENT, and DOES 2-25, knew or reasonably should have

25  known that Defendants, CHRISTOPHER HAYS, WILLIAM LANDSDOWNE and DOES 26-40,

26  were unfit and incapable of providing the supervision, guidance and training of Plaintiff, thereby

27  proximately causing the injuries and damages described below.

28       27. These acts of the Defendants, and each of them, showed a complete and total disregard for

1  the standards of their profession and the well-being of Plaintiff, and these acts, rather than providing

2  her guidance and supervision, caused Plaintiff irreparable physical, mental and emotional discomfort

3  and harm.

4      28.  As a direct, legal and proximate result of the negligence of Defendants, and each of them,

5  as aforesaid, Plaintiff, JOHN DOE 1, has sustained severe, serious, and permanent injuries to his

6  person, all to his damage in a sum to be shown according to proof and within the jurisdiction of the

7  Superior Court.

8      29. As a direct, legal and proximate result of the aforesaid negligence of Defendants, and each

9  of them, Plaintiff was compelled to and did employ the services of hospitals, physicians and

10  surgeons, nurses, and the like, to care for and treat her, and did incur hospital, medical, professional

11  and incidental expenses, and Plaintiff is informed and believes, and upon such information and belief

12  alleges, that he will necessarily by reason of his injuries, incur additional like expenses for an

13  indefinite period of time in the future, all to Plaintiff's damage in a sum to be shown according to

14  proof.

15  **IV.**

16  **SECOND CAUSE OF ACTION**

17  **(Battery Against All Defendants)**

18      30. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 29 of

19  Plaintiff's First Cause of Action, and each and every part thereof with the same force and effect as

20  though set out at length herein.

21      31. During the stop and detention of Plaintiff on or about December 17, 2013 between the

22  hours of 7:00 p.m. and 10:00 p.m. Defendant, CHRISTOPHER HAYS intentionally and recklessly

23  did acts which resulted in harmful and offensive contact with the Plaintiff's person, including but not

24  limited to: making suggestive and sexual advances, touching Plaintiff in a sexual and offensive

25  manner, and coercing Plaintiff into engaging in oral copulation and other acts of carnal knowledge

26  for the benefit of Defendant's sexual gratification.

27      32. Because of Defendant's position of authority and Plaintiff's vulnerability, to wit: alone,

28  substantially smaller stature, and inability to flee; Plaintiff did not consent to the aforementioned

1    acts, but performed as demanded.

2        33. Plaintiff is informed and believes and thereon alleges that such acts of Defendant,

3    CHRISTOPHER HAYS, were done while he was in the course and scope of his agency/employment

4    by Defendants, CITY OF SAN DIEGO, the SAN DIEGO POLICE DEPARTMENT, and DOES 2-

5    25. This conduct occurred while Defendant was on duty as a police officer, in uniform, while in or

6    about his police vehicle and after using his position as a law enforcement officer to coerce Plaintiff

7    or face arrest.

8        34. As a direct, legal and proximate result of the acts of Defendants, and each of them, as

9    aforesaid, Plaintiff, JOHN DOE 1, sustained serious, and permanent injuries to his person, all to his

10   damage in an amount to be shown according to proof and within the jurisdiction of the Superior

11   Court.

12       35. As a direct, legal and proximate result of the aforesaid negligence of Defendants, and each

13   of them, Plaintiff was compelled to and did employ the services of hospitals, physicians and

14   surgeons, nurses, and the like, to care for and treat her, and did incur hospital, medical, professional

15   and incidental expenses, and Plaintiff is informed and believes, and upon such information and belief

16   alleges, that she will necessarily by reason of her injuries, incur additional like expenses for an

17   indefinite period of time in the future, all to Plaintiff's damage in a sum to be shown according to

18   proof.

19       36. Plaintiff is informed and believes that the aforesaid acts directed towards the Plaintiff were

20   carried out with a conscious disregard of Plaintiff's right to be free from such tortious and criminal

21   behavior, such as to constitute oppression, fraud or malice pursuant to California *Civil Code* Section

22   3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example

23   of said Defendant, CHRISTOPHER HAYS.

### V.

### THIRD CAUSE OF ACTION

### (Sexual Battery [Civ. Code § 1708.5] Against All Defendants)

27       37. Plaintiff realleges all prior paragraphs of this complaint and incorporate the same herein by

28   this reference as if those paragraphs were set forth in full herein.

1    38. During Plaintiff's tenure as a police officer, Defendant, CHRISTOPHER HAYS,

2    intentionally and recklessly did acts which resulted in sexually offensive contact with the Plaintiff's

3    person, including but not limited to: making suggestive and sexual advances, touching Plaintiff in a

4    sexual and offensive manner, and engaging in oral copulation and other acts of carnal knowledge

5    with Plaintiff, JOHN DOE 1.

6    39. Defendant, CHRISTOPHER HAYS, did the aforementioned acts with the intent to cause a

7    harmful or offensive contact of an intimate part of Defendant, CHRISTOPHER HAYS by Plaintiff,

8    JOHN DOE 1.

9    40. At no time did Plaintiff wilfully consent to the predatory and exploitative sexual conduct

10   alleged herein.  Plaintiff was forced by threat, coercion, and duress to perform the sexual acts as

11   demanded by Defendant, CHRISTOPHER HAYS on or about December 17, 2013 between the hours

12   of 7:00 p.m. and 10:00 p.m.

13   41. Plaintiff is informed and believes and thereon alleges that such acts of Defendant,

14   CHRISTOPHER HAYS, were done while he was in the course and scope of his agency/employment

15   by Defendants, CITY OF SAN DIEGO, the SAN DIEGO POLICE DEPARTMENT, and DOES 2-

16   25. This conduct occurred while Defendant was on duty as a police officer, in uniform, while in or

17   about his police vehicle and after using his position as a law enforcement officer to coerce Plaintiff

18   or face arrest.

19   42. As a direct, legal and proximate result of the acts of Defendants, and each of them, as

20   aforesaid, Plaintiff, JOHN DOE 1, sustained serious and permanent injuries to his person, all to his

21   damage in an amount to be shown according to proof and within the jurisdiction of the Superior

22   Court.

23   43. As a direct, legal and proximate result of the aforesaid negligence of Defendants, and each

24   of them, Plaintiff was compelled to and did employ the services of hospitals, physicians and

25   surgeons, nurses, and the like, to care for and treat her, and did incur hospital, medical, professional

26   and incidental expenses, and Plaintiff is informed and believes, and upon such information and belief

27   alleges, that she will necessarily by reason of her injuries, incur additional like expenses for an

28   indefinite period of time in the future, all to Plaintiff's damage in a sum to be shown according to

1  proof.

2      44. Plaintiff is informed and believes that the aforesaid acts directed towards the Plaintiff were

3  carried out with a conscious disregard of Plaintiff's right to be free from such tortious and criminal

4  behavior, such as to constitute oppression, fraud or malice pursuant to California *Civil Code* Section

5  3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example

6  of said Defendant, CHRISTOPHER HAYS.

7                                    **VI.**

8                          **FOURTH CAUSE OF ACTION**

9          **(Intentional Infliction of Emotional Distress Against HAYS and DOES 26-40)**

10      45. Plaintiff realleges all prior paragraphs of this complaint and incorporate the same herein by

11  this reference as if those paragraphs were set forth in full herein.

12      46. Plaintiff is informed and believes, and thereon alleges, that the actions of Defendants, and

13  each of them, as aforesaid, were intentional, extreme, and outrageous. Plaintiff is further informed

14  and believes, and thereon alleges, that such actions were done with the intent to cause serious

15  emotional distress or with reckless disregard of the probability of causing Plaintiff serious emotional

16  distress.

17      47. As a direct, legal and proximate result of the actions of Defendants, and each of them, as

18  aforesaid, Plaintiff suffered severe emotional distress which has caused Plaintiff to sustain severe,

19  serious and permanent injuries to her person, all to his damage in a sum to be shown according to

20  proof and within the jurisdiction of the Superior Court.

21      48. As a direct, legal and proximate result of the aforesaid negligence of Defendants, and each

22  of them, Plaintiff was compelled to and did employ the services of hospitals, physicians and

23  surgeons, nurses, and the like, to care for and treat her, and did incur hospital, medical, professional

24  and incidental expenses, and Plaintiff is informed and believes, and upon such information and belief

25  alleges, that she will necessarily by reason of her injuries, incur additional like expenses for an

26  indefinite period of time in the future, all to Plaintiff's damage in a sum to be shown according to

27  proof.

28      49. Plaintiff is informed and believes that the aforesaid acts directed towards the Plaintiff were

1  carried out with a conscious disregard of Plaintiff's right to be free from such tortious and criminal

2  behavior, such as to constitute oppression, fraud or malice pursuant to California *Civil Code* Section

3  3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example

4  of said Defendant, CHRISTOPHER HAYS.

5                                               **VII.**

6                                **FIFTH CAUSE OF ACTION**

7                         **(Damages for Deprivation of Federal Rights**

8                         **42 U.S.C. § 1983 Against All Defendants)**

9         50. Plaintiff realleges all prior paragraphs of this complaint and incorporate the same herein by

10  this reference as if those paragraphs were set forth in full herein.

11       51. By engaging in the above-described misconduct and by acting pursuant to its custom,

12  practice and policy, Defendants acting under color of state law, violated Plaintiff's federally-

13  protected civil rights under 42 U.S.C. § 1983.

14       52.  In doing all of the acts complained of herein, Defendants acted intentionally, recklessly

15  and/or with deliberate indifference to Plaintiff's well-being, all under color of state law to deprive

16  Plaintiff of his constitutionally-protected rights to be free from sexual assault, battery, and unlawful

17  detention.

18       53. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered and

19  continues to suffer humiliation, anxiety, indignity, and mental and emotional anguish.

20       54. Pursuant to 42 U.S.C. § 1988(b), Plaintiff is entitled to recover reasonable attorneys' fees

21  and costs incurred in bringing this action.

22                                              **VIII.**

23                                **SIXTH CAUSE OF ACTION**

24                    **(Civil Rights Action (42 U.S.C. §1983) Against Defendants**

25                         **CITY OF SAN DIEGO, and DOES 2-25**

26                         **For Failure to Properly Screen and Hire)**

27       55. Plaintiff realleges all prior paragraphs of this complaint and incorporate the same herein by

28  this reference as if those paragraphs were set forth in full herein.

1     56. The defendants, CITY OF SAN DIEGO, the SAN DIEGO POLICE DEPARTMENT,

2 their agents, servants, and employees failed to adequately and properly screen and hire the defendant

3 police officers as a matter of policy, custom, and practice in the exercise of their functions, was

4 deliberately indifferent to the constitutional rights of the plaintiff and done with conscious disregard

5 for the dangers of harm and injury to the plaintiff and others similarly situated.

6     57. These hiring practices led to the employment of HAYS and DOES 26-50, and caused the

7 harms suffered by Plaintiff in this case.

8 IX.

9 **SEVENTH CAUSE OF ACTION**

10 (Civil Rights Action (42 U.S.C. § 1983)

11 For Failure to Supervise and Discipline Against

12 **CITY OF SAN DIEGO, and DOES 2-25)**

13     58. Plaintiff realleges all prior paragraphs of this complaint and incorporate the same herein by

14 this reference as if those paragraphs were set forth in full herein.

15     59. The defendants, CITY OF SAN DIEGO, the SAN DIEGO POLICE DEPARTMENT as a

16 matter of custom, practice, and policy, failed to supervise police officers in the Department to prevent,

17 deter and punish the unconstitutional use of detention in effecting arrests.

18     60. Upon information and belief, the defendants knew or should have known of the dangerous

19 propensities of defendant HAYS and DOES 2-25, but took no steps to train them, correct their abuse of

20 authority, or discourage their unlawful use of authority.

21     61. To the contrary, defendants condoned and acquiesced in the abusive behavior or defendant

22 police officers by refusing to retrain them, discipline them, or correct their abusive behavior. That

23 acquiescence had advised defendant police officers that detaining citizens without reasonable suspicion

24 to further their own prurient self interests is acceptable under the policies of San Diego.

25     62. In pursuance of this *de facto* policy, defendant's officers committed assault and battery upon

26 arrestees, detainees under false pretenses.

27     63. Defendants knew or should have known of the risks posed by the Department's *de facto*

28 policies regarding unlawful detentions.

64. The defendants were deliberately indifferent to the right of the plaintiff to be free from, and protected from, harm by the brutality of police officers and to be secure in his bodily integrity.

65. As a direct result of the illegal actions and conduct on the part of the defendants, their agents, servants and employees, plaintiff was assaulted, battered, and intentionally and negligently inflicted with emotional distress and his constitutional rights were violated.

66. During the relevant period defendant police officers, DOES 2 through 25, were acting pursuant the unwritten by *de facto* policy of defendants The City of San Diego and the San Diego Police Department.

67. Although defendants knew or should have known of the fact a pattern of brutality exists within the Department, Defendants have not taken any steps or made any efforts to halt this course of conduct, or to take any disciplinary action against their employees.

68. The unlawful and illegal conduct of the defendants, their agents, servants and employees and each of them, deprived plaintiff of the rights, privileges and immunities secured to him by the Constitutions of the United States and of the State of California.

69. Defendants had a duty to plaintiff to act with ordinary care and prudence so as not to cause harm or injury to another.

70. By engaging in the acts alleged herein, the defendants acted with deliberate indifference to the constitutional rights of plaintiff by, in part, using color of law to unlawfully detain the plaintiff, threaten the plaintiff with arrest, and coerce plaintiff in to performing sexual acts to the benefit of their officer.

71. As a direct, proximate and foreseeable result of the defendants breach of their duty of care, Plaintiff has suffered damages in an amount according to proof at the time of trial.

## X.

### EIGHT CAUSE OF ACTION

(Civil Rights Action (42 U.S.C. §1983) Against Defendants

CITY OF SAN DIEGO, and DOES 2-25

For Unlawful Detention)

1      72. Plaintiff realleges all prior paragraphs of this complaint and incorporate the same herein

2  by this reference as if those paragraphs were set forth in full herein.

3      73.  Plaintiff alleges that he was detained without reasonable suspicion by Defendant,

4  CHRISTOPHER HAYS and DOES 2-25, who, under the facts available, did not have an objective,

5  good faith belief that Plaintiff was guilty of or in any manner involved in criminal activity. Plaintiff

6  further alleges that such stop and detention was in violation of his right under the Fourth

7  Amendment of the United States Constitution to be free from unreasonable stop and detention and

8  his right under the Fourteenth Amendment of the United States Constitution to due process of law.

9  Plaintiff's detention was made under color of law pursuant to *Terry v. Ohio* (1968) 392 U.S. 1, 27

10  [20 L.Ed.2nd 889, 909]; and under the color of the authority of Defendant as a police officer for the

11  City of San Diego.

12      74.  As a direct and proximate result of the aforementioned acts, Plaintiff has suffered and

13  continues to suffer humiliation, anxiety, indignity, and mental and emotional anguish.

14      75. Pursuant to 42 U.S.C. § 1988(b), Plaintiff is entitled to recover reasonable attorneys' fees

15  and costs incurred in bringing this action. In addition, Plaintiff has suffered humiliation, public

16  ridicule, loss of personal reputation, and emotional distress as a consequence of being arrested on a

17  criminal charge.

18  **WHEREFORE**, Plaintiff, JOHN DOE 1, prays for judgments against the Defendants, and each of

19  them, as follows:

20                           **FIRST CAUSE OF ACTION**

21     A. General damages in a sum according to proof;

22     B. Sums incurred and to be incurred for services of hospitals, physicians, surgeons, nurses and

23  other professional services, ambulance service, x-rays and other medical supplies and services;

24     C. Loss of income incurred and to be incurred according to proof;

25     D. For interest provided by law including, but not limited to, California Civil Code Section 3291;

26     E. For attorney's fees as allowed by law;

27     F. Costs of suit and for such other and further relief as the court deems proper.

28

## SECOND THROUGH FOURTH CAUSES OF ACTION

A. General damages in a sum according to proof;

B. Sums incurred and to be incurred for services of hospitals, physicians, surgeons, nurses and other professional services, ambulance service, x-rays and other medical supplies and services;

C. Loss of income incurred and to be incurred according to proof;

D. For interest provided by law including, but not limited to, California Civil Code Section 3291;

E. For attorney's fees as allowed by law;

F. For punitive damages as allowed by law;

G. Costs of suit and for such other and further relief as the court deems proper.

## FIFTH THROUGH EIGHTH CAUSES OF ACTION

A. General damages in a sum according to proof;

B. Sums incurred and to be incurred for services of hospitals, physicians, surgeons, nurses and other professional services, ambulance service, x-rays and other medical supplies and services;

C. Loss of income incurred and to be incurred according to proof;

D. For interest provided by law including, but not limited to, California Civil Code Section 3291;

E. For attorney's fees as allowed by law;

F. Costs of suit and for such other and further relief as the court deems proper.

Dated: ___Dec. 10, 2014___

LAW OFFICES OF ARENA & SCHNITZER
A Professional Law Corporation

BY: _____
Gregory A. Schnitzer, Esq.
Attorneys for Plaintiff, TRENT VEASEY

## VERIFICATION

I, Trent Veasey, am the Plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is

-14-

1 | true and correct.

2 | Dated: 12-10-14

3 |                                                     Trent Veasey

# "EXHIBIT 1"



### CLAIM AGAINST THE CITY OF SAN DIEGO
(FOR DAMAGES TO PERSONS OR PERSONAL PROPERTY)

**Present claim by personal delivery or mail to the City of San Diego, Risk Management Dept., 1200 Third Ave., Suite 1000, San Diego, CA 92101.**

Received via:

TIME STAMP

☐ U.S. Mail
☐ Inter-Office Mail
☐ Over-the-Counter

FILE No. _____

TO THE HONORABLE MAYOR AND CITY COUNCIL, the City of San Diego, California

I, Trent Gene Veasey, Jr. , hereby make a claim against the City of San Diego and make the following statements in support of the claim:

**1.    CLAIMANT INFORMATION**

a.    Claimant's Name: Trent Gene Veasey, Jr.

b.    Post Office Address of Claimant: 655 60th St., San Diego, CA 92114

(CITY) (STATE) (ZIP)

c.    Claimant's Home Phone No.: (619) 266-0432

d.    Claimant's Business Phone No.: _____

e.    Post Office address to which the person presenting the claim desires notices to be sent, if different than above: Gregory A. Schnitzer, Esq.
Arena & Schnitzer, APLC, 110 West "C" St., Ste. 1709, San Diego, CA 92101

f.    Social Security No.: 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

g.    Date of Birth: 02/24/1989

h.    Driver's License No.: n/a

**2.    CIRCUMSTANCES GIVING RISE TO THE CLAIM**

a.    Date of the occurrence or transaction which gave rise to the claim: 12/17/2013

b.    Time of the occurrence or transaction which gave rise to the claim: at or about 9:00 p.m.

c.    Place of occurrence or transaction (please be specific): Within the alley off of El Cajon Blvd.
at or near 5027 El Cajon Blvd, approximately 30 steps from El Cajon Blvd. between
Goodbody Mortuary and Herrera's Consulting Services in El Cajon, California.

RM-9 (Rev. 12-10) *This information is available in alternative formats upon request*

    d.    Other circumstances of the occurrence or transaction giving rise to the claim: *Claimant was*

*walking w/s on El Cajon Blvd, immediately prior to his encounter with a San Diego Police Officer, when he was approached by SDPD Officer Chris Hays. Hays approached claimant for no lawful purpose. Hays drug'ed*

*Claimant down an alley, accused Claimant of engaging in solicitation and gave Claimant a choice; perform oral copulation on Hays or be arrested. Claimant under duress and against his will performed the act of oral*

*copulation on Hays until Hays ejaculated. Claimant complied under threat of arrest and his reasonable belief that Hays was at the time in question a police officer with the authority to arrest Claimant.*

**3.**    **DESCRIPTION OF CLAIM**

    a.    General description of the indebtedness, obligation, injury, damage or loss incurred: anxiety, emotional distress, injury to physical and mental health, embarrassment, humiliation, shame, heightened phobia and distrust of police and law enforcement.

    b.    The name or names of the public employee or employees causing the claimant's injury, damage, or loss, if known, are: Officer Christopher Hays and Chief William Landsdowne.

    c.    Damages [please choose one]:

        ☐ The amount claimed is less than $10,000.

        The amount of the claim as of the date of this claim is $_____.   This figure is based on the following: _____

        ☑ The amount claimed is more than $10,000.

        Please state if the claim would be a limited civil case[1]. _____

    d.    Please provide any additional information that might be helpful in considering your claim, including names of witnesses, treating physicians, and hospitals:   Discovery is

*continuing. Claimant's claim is grounded on deprivations of fed. and state civil rights, violations of 42 U.S.C. sec. 1983, false arrest, assault & battery, Cal. Penal Code sec. 288c(1) (oral copulation), torts in essence*

*violations of Cal. Penal Code sec. 147 (willful oppression and inhumanity to detainees), negligence, negligent employment of peace officers, negligent retention and supervision of peace officers, intentional and*

*negligent infliction of emotional distress, failure to impartially investigate such claims and tacit continuation and approval of police misconduct and failure to report known incidents of misconduct in CA.O.O.J.*

    e.    Please attach and/or provide any additional information that may be helpful in considering your claim including proof of damages such as invoices, receipts, and estimates.

**WARNING:**  It is a criminal offense to file a false claim (Cal. Penal Code § 72).

I have read the matters and statements made in the above claim and I know the same to be true of my own knowledge, except as to those matters stated upon information or belief and as to such matters; I believe the same to be true.  I certify under penalty of perjury that the foregoing is true and correct.

Dated: 03-3-14 _____

_____
Signature of Claimant or Person Acting On Behalf of Claimant

[1] Limited civil cases are discussed in California Code of Civil Procedure § 85.

RM-9 (Rev. 12-10) *This information is available in alternative formats upon request*

# "EXHIBIT 2"



### THE CITY OF SAN DIEGO

July 7, 2014

Trent Veasey
c/o Gregory A. Schnitzer Esq.
110 W C St Ste 1709
San Diego, CA 92101

Reference:   City File #:       9645
             Date of Incident: 12/17/2013
             Claimant:         Veasey, Trent Gene

Dear Mr. Veasey:

Claims against the City of San Diego are referred to this office for investigation, and with the advice of the office of the City Attorney a determination of legal liability.

As you may know, the liability of a municipality to persons who claim damages is strictly limited by the legislature of the State of California governing municipal operations. We must review the circumstances of your claim within the terms of those laws. We regret that investigation and legal opinion oblige us to conclude that the City must deny your claim.

Subject to certain exceptions, **you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim.** See Government Code Section 945.6.

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Sincerely,

Kris Griffin
Claims Representative

#20

**Risk Management**
1200 Third Avenue, Suite 1000•San Diego, CA 92101-4107
Tel (619) 236-6670  Fax (619) 236-6106

1  GREGORY A. SCHNITZER, ESQ. (Bar No. 202339)
   ALBERT W. ARENA, ESQ. (Bar No. 113723)
2  LAW OFFICES OF ARENA & SCHNITZER, APLC
   110 West "C" Street, Suite 1013
3  San Diego, California  92101
   Tel: (619) 231-3100
4  Fax: (619) 231-2890

5  Attorneys for Plaintiff, JOHN DOE 1

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           SAN DIEGO COUNTY JUDICIAL DISTRICT, CENTRAL DIVISION

10 TRENT VEASEY, an individual,                )  CASE NO.
                                               )  37-2014-00041745-CU-CR-CTL
11                                             )
                   Plaintiffs,                 )  NOTICE OF PUNITIVE DAMAGES
12                                             )  SOUGHT (SDLR 2.1.5)
                                               )
13         v.                                  )  Unlimited Civil Case Jury Trial
                                               )  Demanded
14                                             )
                                               )
15                                             )
                                               )
16 CHRISTOPHER HAYS, an individual;            )
   WILLIAM LANDSDOWNE, an individual;          )
17 SAN DIEGO POLICE DEPARTMENT; and CITY       )
   OF SAN DIEGO; and Does 1 to 100, inclusive. )
18                                             )
                                               )
19 _____)

20        To Defendants CHRISTOPHER HAYS, et al.; and DOES 1 through 100, inclusive:

21        Pursuant to the provisions of San Diego Superior Court rule 2.1.5, Plaintiff hereby provides

22 notice to Defendants that Plaintiff is seeking punitive damages in the sum of $10,000,000.00.

23

24 Dated:  12/10/14                         LAW OFFICES OF ARENA & SCHNITZER
                                            A Professional Law Corporation
25

26

27                                          BY: _____
                                               Gregory A. Schnitzer, Esq.
28                                             Attorneys for Plaintiff, TRENT
                                               VEASEY

                                    -1-
                NOTICE OF PUNITIVE DAMAGES SOUGHT (SDLR 2.1.5)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS:    330 W Broadway
MAILING ADDRESS:    330 W Broadway
CITY AND ZIP CODE:    San Diego, CA 92101-3827
BRANCH NAME:    Central
TELEPHONE NUMBER:    (619) 450-7065

PLAINTIFF(S) / PETITIONER(S):    Trent Veasey

DEFENDANT(S) / RESPONDENT(S):    Christopher Hays et.al.

VEASEY VS. HAYS

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER: 37-2014-00041745-CU-CR-CTL |
| --- | --- |

**CASE ASSIGNMENT**

Judge:  Joan M. Lewis                                  Department: C-65

**COMPLAINT/PETITION FILED:** 12/10/2014

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
| --- | --- | --- | --- | --- |
| Civil Case Management Conference | 05/15/2015 | 11:00 am | C-65 | Joan M. Lewis |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



# Superior Court of California
## County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

**This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order 051414 at www.sdcourt.ca.gov for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.**

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

# Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder